IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOHN LANCE BLAKE                                                                              PLAINTIFF

v.                              Civil No. 11-2030

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, John Blake, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

The plaintiff filed his applications for DIB and SSI on June 13, 2007, alleging an onset date of October 21, 2006, due to narcolepsy, chronic asthma, drug addiction, degenerative disk disease ("DDD"), and chronic obstructive pulmonary disease ("COPD"). Tr. 57, 134-141, 161-162, 173-175, 196, 199. His claims were denied both initially and upon reconsideration. Tr. 50-53, 57, 68-82. An administrative hearing was then held on October 2, 2008. Tr. 10-48, 57. Plaintiff was present and represented by counsel.

At this time, plaintiff was 41 years of age and possessed the equivalent of a high school education. Tr. 16-17. He had past relevant work ("PRW") experience as a framer. Tr. 65, 163, 184-185, 217.

On February 10, 2009, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's DDD and COPD did not meet or equal any Appendix 1 listing. Tr. 59-62. The ALJ determined that plaintiff maintained the residual functional capacity ("RFC") to perform unskilled, light

work requiring frequent climbing of stairs, balancing, stooping, kneeling, crouching, and crawling and only occasional climbing of ladders/ropes/scaffolds and exposure to airborne irritants. Tr. 62-65. With the assistance of a vocational expert, the ALJ then found that plaintiff could perform work as a cashier II, mail clerk, and hand packager. Tr. 66-67.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on December 21, 2010. Tr. 1-4. Subsequently, plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 6, 8.

**II.    Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d

2

1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

### A.     The Evaluation Process:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § § 404.1520, 416.920 (2003).

### III.    Discussion:

Of particular concern to the undersigned is the ALJ's RFC findings. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009); *see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations

3

resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

In the present case, the ALJ concluded Plaintiff could perform unskilled, light work requiring frequent climbing of stairs, balancing, stooping, kneeling, crouching, and crawling and only occasional climbing of ladders/ropes/scaffolds and exposure to airborne irritants. However, Plaintiff contends that he suffers from chronic and severe back pain that prevents him from performing work-related activities.

At the hearing, Plaintiff testified that his back pain had been ongoing for a number of years. He had been prescribed various narcotic pain medications that allowed him to continue working. However, in 2007, he basically reached the point where he could no longer continue to work and take the amount of medication necessary to treat his pain. An MRI of Plaintiff's lumbar spine, conducted in September 2003, revealed disk degeneration at the L5-S1 level with a small focal disk herniation paracentrally on the right at the L5-S1 level. Tr. 281-282.

Plaintiff indicated that, initially, Dr. Terry Brackman treated him for chronic pain, prescribing a variety of narcotic pain medications.[1] In January 2006, Plaintiff was treated in the emergency room at St. Edward Mercy Medical Center for narcotics withdrawal. Tr. 225-226. Dr. Patric Anderson noted that Plaintiff suffered from chronic back pain for which Dr. Brackman had prescribed him "lots of narcotics." He had recently begun over medicating, and Dr. Brackman had cut him off. Plaintiff

---

[1]Dr. Brackman passed away in August 2009. When records were requested from his office, his staff indicated that no records could be found. However, pharmacy records indicate that between January 2003 and January 2005, Dr. Brackman prescribed significant quantities of Alprazolam (Xanax), Oxycontin, Roxicodone, and Oxycodone on a monthly basis. Tr. 316-329.

presented due to narcotic withdrawal. An examination revealed mildly diffuse tenderness in the musculature of his lower back. Dr. Anderson advised Plaintiff to seek Narcotics Anonymous and prescribed Ativan at Plaintiff's insistence. Tr. 225-226.

Between April and August 2006, Plaintiff was treated at Urgent Pain Care of Roland for cervical spondylosis with myelopathy, depressive disorder, lumbosacral spondylosis, and chronic intractable pain syndrome.[2] Tr. 229-242. An examination revealed exquisite tenderness over the area adjacent to the spinous process of the C5 vertebra on the right side. Dr. Robert Kale discussed multiple pain management therapies with Plaintiff, including psychiatric evaluation and therapy, injection therapies, implant techniques, spinal manipulation and chiropractic treatment, exercise therapies, acupuncture, and medical management via non-narcotic pain relievers. Over the course of treatment, Dr. Kale prescribed MSIR (oral Morphine), Oxycodone, Methadone, Effexor XR, and trigger point injections. And, it also appears that Plaintiff did seek out chiropractic treatment, but found this to exacerbate his pain. Dr. Kale indicated that these medications were allowing Plaintiff to remain employed in a very physical business. Tr. 229-242.

In February 27, 2007, Plaintiff was admitted into the drug treatment program through Rightway Medical of Roland. Tr. 243-246, 277, 283-297. He indicated that he had been using methamphetamine and Oxycontin since being diagnosed with back pain. Tr. 243-246. Plaintiff participated in this program for approximately one year. Tr. 269. At the administrative hearing, Plaintiff testified that he had been drug-free since March 2007. Tr. 24.

On September 28, 2007, an MRI of Plaintiff's cervical and lumbar spine revealed disk degeneration at the C3-4 and C5-6 levels with dorsal spondylitic ridging, a mild broad disk protrusion

---

[2]Dr. Kale defined chronic intractable pain syndrome as "pain lasting longer than six months that is not amenable to resolution due either to medical limitations or inadequate patient resources," and usually includes a component of mood disturbance (depressive tendencies and sleep disorder). "The condition often results in decrease function physically, economically, domestically, and socially." Tr. 240.

at the C3-4 level without spinal canal stenosis, a mild central/left posterolateral disk protrusion at the C5-6 level, right lateral disk protrusion at the L4-5 level of the foramina that had mild impression upon the exiting right L4 nerve root, a mild broad central disk protrusion at the L5-S1 level without spinal canal stenosis, and a very small central disk protrusion at the T11-12 level. Tr. 311-315, 410-412.

In August 2008, Dr. Patricia Walz conducted a psychological evaluation and concluded that Plaintiff was suffering from somatoform pain disorder.[3] Tr. 266-275. She found that Plaintiff's social skills were impaired by irritability and pain and that his pain interfered with his ability to attend and concentrate. Dr. Walz also opined that stress would increase Plaintiff's pain level. Tr. 266-275.

Physical examinations have also revealed a decreased range of motion in the neck with left and right rotations, a decreased range of motion in the neck with lateral flexion and rotation, decreased range of motion in the left shoulder with flexion and extension, decreased range of motion in the back with flexion and extension, pain in the neck with forward flexion and extension in both directions, pain with left shoulder extension and abduction, and pain with back flexion and extension. Tr. 298-300, 301-306. In fact, in November 2009, Dr. Danny Silver diagnosed Plaintiff with lower back pain, DDD, degenerative joint disease, chronic right knee effusion, and COPD. He prescribed Soma, Roxicodone, and Xanax. Dr. Silver opined that Plaintiff's back and knee impairments prohibit most physical activity, and that Plaintiff should not climb or walk for greater than thirty minutes. Tr. 403-405.

We also note that Plaintiff's counsel advised the Appeals Council that Dr. Silver was willing to provide the administration with an RFC if the proper forms would be submitted to him for completion. Tr. 222-224. Despite the fact that the only RFC assessment of record was completed by a non-examining physician in August 2007, the Appeals Council found no reason under the rules to review the Administrative Law Judge's decision, and denied Plaintiff's request for review. *See Jenkins v. Apfel*,

---

[3]Somatoform pain disorder is characterized by "pain of sufficient severity to warrant clinical attention. The pain causes significant distress or impairment in social, occupational, or other important areas of functioning." *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV-TR 498 (4th ed. 2000).

196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence).

After reviewing all of the evidence of record, the undersigned believes that remand is necessary to allow the ALJ to reconsider Plaintiff's RFC. We believe the evidence makes clear that Plaintiff's impairments would likely erode his ability to frequently climb stairs, balance, stoop, kneel, crouch, and crawl. Further, on remand, we believe the ALJ should request an RFC assessment from Dr. Silver. *See Lewis*, 353 F.3d at 646 (holding RFC must be support by some medical evidence).

The ALJ also places a great deal of weight on Plaintiff's admission that he was not taking prescription pain medication at the time of the hearing. However, the record makes clear that Plaintiff was a chronic pain patient who had been addicted to his prescription pain medications and had only been sober for approximately 19 months. We believe it is improper to discredit a Plaintiff's subjective complaints for failure to take prescription medication when the record reveals that he was no longer taking prescription medications due to a prior problem with addiction. Accordingly, on remand, the ALJ is directed to take Plaintiff's prior addiction into consideration when considering his failure to take prescription pain medications. *Tome v. Schweiker*, 724 F.2d 711, 713-714 (8th Cir. 1984) (Under these circumstances, the ALJ should examine Plaintiff's subjective ability to comply with prescribed treatment regimens before assuming that her noncompliance was either willful or indicative of an exaggeration of her symptoms).

### IV.   Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

AO72A
(Rev. 8/82)

DATED this 28th day of February 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)