IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOHN LANCE BLAKE                                                                PLAINTIFF

    v.                                    CIVIL NO. 2:11-cv-2030

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                  DEFENDANT

### ORDER ON MOTION FOR ATTORNEY'S FEES

Plaintiff, John Lance Blake, appealed the Commissioner's denial of benefits to this court. ECF No. 1. On February 28, 2012, a judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 10. Plaintiff now moves for a total of $5,990.00 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), requesting compensation for 27.40 attorney hours at a rate of $200.00 for work performed from 2009 - 2012. ECF No. 11. Defendant filed a response, objecting to the following: (1) attorney hourly rate requested for work performed in 2010, 2011 and 2012; (2) attorney hours billed as excessive and clerical in nature and non-compensability of Plaintiff's motion for extension; (3) 3.20 secretarial hours as clerical in nature; and (4) payment of EAJA directly to Plaintiff's attorney in violation of the Anti-Assignment Act . ECF No. 12. A hearing on the motion for attorney fees was held on July 12, 2012, before the undersigned.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file,

the undersigned finds Plaintiff is a prevailing party in this matter.  Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

   **1.  Attorney Hourly Rate**:

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, Plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F. Supp. 228, 231 (S.D.Ohio 1985).  Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B).  Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates

claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F. Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991) (quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir. 1989)). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). Attorney's fees may not be awarded in excess of $125.00 per hour, the maximum statutory rate under § 2412(d)(2)(A), unless the court finds that an increase in

the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index ("CPI"). In this instance, counsel requests attorney's fees at an hourly rate of $200.00 for work performed from 2010 - 2012. ECF No. 11, at 1. Counsel did not attach a summary of the CPI-South as evidence of an increase in the cost of living, as is customary for these motions.

While an increased hourly rate is authorized as long as the CPI is submitted, this court will not approve the hourly rate requested for 2010, 2011 or 2012. *See* 28 U.S.C. § 2412(d)(2)(A); *Johnson*, 919 F.2d at 504. The court has previously approved rates of $173.00 for work performed in 2010 and $174.00 for performed in 2011. On January 6, 2012, Honorable Jimm Larry Hendren signed Amended General Order No. 39, which governs attorney's fees under the EAJA. Beginning on January 2, 2012, the CPI-South index for December of the preceding year shall constitute the maximum hourly rate of EAJA fees which may be awarded for the following year. The court has adopted the following formula for calculating cost of living increases:

$$\frac{(\text{December CPI of preceding year}) \times \$125 \text{ (Maximum Statutory Rate)}}{152.4 \text{ (March 1996 CPI)}} = \text{Adjusted rate}$$

Applying this formula and rounding to the nearest whole number, the 2012 hourly rate is calculated as follows:

$$\frac{219.469 \text{ (Dec. 2011 CPI)} \times \$125 \text{ (Maximum Statutory Rate)}}{152.4 \text{ (March 1996 CPI)}} = \$180.00$$

Thus, counsel is entitled to a rate of $180.00 for work performed in 2012. In summary, Plaintiff's counsel will be granted: $173.00 per hour for work performed in 2010, $174.00 per hour for work performed in 2011, and $180.00 per hour for work performed in 2012.

**2. Attorney Hours Calculated with Attorney Rate**:

The court next addresses the number of hours Plaintiff's counsel claims he spent working on this case. Counsel requested reimbursement of 27.40 hours for work completed in 2009-2012. ECF No. 11. The Commissioner argues the total number of Plaintiff's attorney hours are excessive and compensation of clerical matters, which are not allowed. ECF No. 11 at 3-4; *Granville House Inc. v. Dep't of Health, Educ., and Welfare*, 813 F.2d 881, 884 (8th Cir. 1987). The Commissioner also argues that Plaintiff's counsel is not entitled to compensation for his time in filing extensions. *See Hart v. Astrue*, No. 6:10-cv-06081 (W.D. Ark.) (Doc. 16, Order 5/23/12, at 4) (compensation for extension requests are not compensable under EAJA); *Action on Smoking and Health v. CAB*, 724, F.2d 211, 217 (D.C. Cir. 1984) (purpose of EAJA is to minimize costs of representation to the taxpayers)). The court made the following determinations based on the billing entry submitted by Counsel, objections by the Government, and findings by the court:

| Date | Work Completed or ~~Court Struck~~ | Amount Billed | Time Granted | Time Struck | Reason Court gave for strike | Hourly Rate Alllowed | Total Amount Granted |
|---|---|---|---|---|---|---|---|
| 2/10/2009 | R/notice of decision | 0.10 | 0.10 | | | 173.00 | $ 17.30 |
| 12/21/2010 | R/notice of appeals council action | 0.10 | 0.10 | | | 173.00 | $ 17.30 |
| | *Total for 2009-2010* | | 0.20 | | | $ 173.00 | $ 34.60 |
| 2/11/2011 | D/cert ltr to C. Eldridge | 0.20 | 0.20 | | | 174.00 | $ 34.80 |
| | D/cert letr to M. Astrue | 0.20 | 0.20 | | | 174.00 | $ 34.80 |
| | R/Summons | 0.10 | 0.10 | | | 174.00 | $ 17.40 |
| | D/Complaint | 0.20 | 0.20 | | | 174.00 | $ 34.80 |
| | D/Cert ltr to E. Holder w/summ & complaint | 0.20 | 0.20 | | | 174.00 | $ 34.80 |
| | ~~R/receipt of filing fee~~ | ~~0.10~~ | | ~~0.10~~ | clerical | | |

| Date | Description | Hours | Hours | Hours | Note | Rate | Amount |
|---|---|---|---|---|---|---|---|
| 4/15/2011 | R/Answer to complaint | 0.10 | 0.10 | | | 174.00 | $ 17.40 |
| 4/18/2011 | ~~R/email w/not of elec filing~~ | ~~0.10~~ | | ~~0.10~~ | clerical | | |
| | ~~R/email from dist cout w/login~~ | ~~0.10~~ | | ~~0.10~~ | clerical | | |
| | ~~R/email from PACER w/login~~ | ~~0.10~~ | | ~~0.10~~ | clerical | | |
| | ~~R/email from USCD conf CM/ECF access~~ | ~~0.10~~ | | ~~0.10~~ | clerical | | |
| 5/31/2011 | R/Aff of service | 0.10 | 0.10 | | | 174.00 | $ 17.40 |
| | ~~R/email from USCD-aff of serv filed~~ | ~~0.10~~ | | ~~0.10~~ | clerical | | |
| | ~~R/email w/not of elec filing - aff of serv~~ | ~~0.10~~ | | ~~0.10~~ | clerical | | |
| 7/1/2011 | ~~R/cin/dockett print out~~ | ~~0.10~~ | | ~~0.10~~ | clerical | | |
| 7/7/2011 | ~~R/email w/not of elec filing - mot for ext~~ | ~~0.10~~ | | ~~0.10~~ | ext. filing | | |
| 7/8/2011 | Review transcript | 0.70 | 0.70 | | | 174.00 | $ 121.80 |
| | Review transcript | 0.80 | 0.80 | | | 174.00 | $ 139.20 |
| | ~~R/email w/not of elec filing - ord granting mot~~ | ~~0.10~~ | | ~~0.10~~ | ext. filing | | |
| 7/11/2011 | Complete review of trans & research | 2.00 | 2.00 | | | 174.00 | $ 348.00 |
| | ~~R/email w/not of elec filing - due date for brief~~ | ~~0.10~~ | | ~~0.10~~ | clerical | | |
| 7/12/2011 | Research & further record review | 0.60 | 0.60 | | | 174.00 | $ 104.40 |
| | ~~R/email from PACER - no fees due~~ | ~~0.10~~ | | ~~0.10~~ | clerical | | |
| 7/14/2011 | D/introduction and prev history | 1.00 | 1.00 | | | 174.00 | $ 174.00 |
| | D/hypothetical question introduction | 1.30 | 1.30 | | | 174.00 | $ 226.20 |
| | D/credibility intro | 0.70 | 0.70 | | | 174.00 | $ 121.80 |
| 7/15/2011 | D/credibility authority | 0.50 | 0.50 | | | 174.00 | $ 87.00 |
| | D/discussion of HQ | 1.00 | 1.00 | | | 174.00 | $ 174.00 |
| 7/16/2011 | D/summary of HQ | 2.00 | 2.00 | | | 174.00 | $ 348.00 |
| 7/17/2011 | D/Med history | 3.50 | 3.50 | | | 174.00 | $ 609.00 |
| | D/Med history | 0.40 | 0.40 | | | 174.00 | $ 69.60 |
| | D/Med history | 2.60 | 2.60 | | | 174.00 | $ 452.40 |
| | Research duty & development record | 0.80 | 0.80 | | | 174.00 | $ 139.20 |
| 7/20/2011 | D/discussion of failure to develop record | 1.50 | 1.50 | | | 174.00 | $ 261.00 |
| 7/26/2011 | D/unsupported credibility findings | 0.80 | 0.80 | | | 174.00 | $ 139.20 |
| 8/2/2011 | D/Summit Med history | 0.60 | 0.60 | | | 174.00 | $ 104.40 |
| | D/Dr. Danny Silver med hist | 0.60 | 0.60 | | | 174.00 | $ 104.40 |
| | D/Corrections and conclusion | 1.20 | 1.20 | | | 174.00 | $ 208.80 |
| | Review and revise brief | 1.00 | 1.00 | | | 174.00 | $ 174.00 |
| 8/3/2011 | D/Plaintiff's testimony summary | 0.50 | 0.50 | | | 174.00 | $ 87.00 |

| Date | Description | Hours | Adj. Hours | Deducted | Reason | Rate | Amount |
|---|---|---|---|---|---|---|---|
| 8/4/2011 | Final review & revisions | 0.40 | 0.40 | | | 174.00 | $ 69.60 |
| 8/11/2011 | R/email w/not of elec filing - P&Cvt consent | 0.10 | 0.10 | | | 174.00 | $ 17.40 |
| 9/1/2011 | ~~R/email w/not of elect filing - app brief~~ | ~~0.10~~ | | 0.10 | clerical | | |
| | **Totals for 2011** | | 25.70 | | | $ 174.00 | $ 4,471.80 |
| 2/28/2012 | R/email w/not of elect filing - mem opinion | 0.10 | 0.10 | | | 180.00 | $ 18.00 |
| 3/28/2012 | ~~D/ltr re: open case~~ | ~~0.10~~ | | 0.10 | clerical | | |
| 7/12/2012 | Court approved EAJA Fee Memo preparation | 1.00 | 1.00 | | contemp. record | 180.00 | $ 180.00 |
| | **Totals for 2012** | | 1.10 | | | $ 180.00 | $ 198.00 |
| | **TOTAL AMOUNT AWARDED** | | 27.00 | | | | $ 4,704.40 |

Accordingly, the court finds that counsel is entitled to 27.00 hours at an hourly rate of $173.00 per hour for 0.20 hours of work performed in 2009 - 2010 (total $34.60), $174.00 per hour for 25.70 hours of work performed in 2011 (total $4,471.80), and $180.00 per hour for 1.10 hours of work performed in 2012 (total $198.00), totaling $4,704.40 for total attorney work completed.

**3. Secretarial Time**:

Counsel seeks reimbursement of 3.20 hours of secretarial time. ECF No. 11. At the hearing, counsel clarified that the work was not performed by a paralegal but by a purely administrative staff. The Commissioner argues that clerical work performed by Plaintiff counsel's secretary is not compensable. *Granville House Inc. v. Dep't of Health, Educ., and Welfare*, 813 F.2d 881, 884 (8th Cir. 1987) (work completed by support staff is not compensable under EAJA). The court agrees with the Commissioner and strikes Plaintiff's counsel's request for 3.20 hours of secretarial time, as it is purely administrative and not compensable under EAJA.

**4. Assignment of EAJA**:

Counsel argues Plaintiff owes no outstanding debts to the federal government and attached "Plaintiff's Affidavit and Assignment of EAJA Fee" to his motion for fees. ECF No. 11 at 3. While counsel did not argue that he meets the qualifications of the Anti-Assignment Act, the Government responds that Plaintiff did not execute a valid assignment of his claims against the United States, per the requirements of the Anti-Assignment Act. 31 U.S.C. § 3727. The court notes the Supreme Court held that an EAJA fee award is payable to the prevailing litigant, not the attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010).

According to the Anti-Assignment Act, an assignment may be made "only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." 31. U.S.C. § 3727(b). Additionally, the assignment shall specify the warrant, must be made freely, and must be attested to by two witnesses. *Id*. The court finds that these requirements have not been met since the EAJA order had not yet been issued at the time Plaintiff's motion was filed. Furthermore, the undersigned feels that the task of determining whether outstanding debts exist is best left to the government. Accordingly, pursuant to *Astrue*, the EAJA award should be made payable to Plaintiff. In keeping with the common practice of this court, the court directs the EAJA award to be mailed to Plaintiff's counsel.

Finally, counsel seeks reimbursement of $350.00 for filing expenses. ECF No. 11. The Commissioner did not object to this reimbursement. ECF No. 12 at 6. Such expenses are recoverable under the EAJA and the undersigned finds $350.00 to be a reasonable, allowable award. *See West Virginia University Hospitals v. Casey*, 499 U.S. 83, 86-87 (1991) (28 U.S.C. § 1920 specifically lists filing fees as compensable costs).

Based on the above, the court awards Plaintiff's attorney $350.00 in reimbursed filing expenses with attorney fees under the EAJA for 27.00 attorney hours at an hourly rate of $173.00 per hour for work performed in 2009-2010, $174.00 per hour for work performed in 2011, and $180.00 for work performed in 2012, for a total attorney's fee award of $5,054.40. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Further, this award should be made payable directly to Plaintiff, but may be properly mailed to Plaintiff's attorney. The parties are reminded that the award under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED this 17th day of July 2012.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE